IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JAMES A. BROOKS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 21-1079-CFC |
| | : | |
| ROBERT MAY, Warden, and | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, | : | |
| | : | |
| Respondents. | : | |

James A. Brooks. *Pro se* Petitioner.

Kathryn Joy Garrison, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

**MEMORANDUM OPINION**

June 20, 2023
Wilmington, Delaware

CONNOLLY, CHIEF JUDGE:

Pending before the Court is Petitioner James A. Brooks's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 1) The State filed a Motion for Leave to File a Motion to Dismiss (D.I. 10), which the Court granted after Petitioner did not file a reply in opposition. (D.I. 12) For the reasons discussed, the Court will grant the State's Motion to Dismiss (D.I. 13), and dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

I.  **BACKGROUND**

In February 2018, a New Castle County grand jury indicted Petitioner for first degree robbery, first degree assault, two counts of possession of a firearm during the commission of a felony ("PFDCF"), possession of a firearm by a person prohibited, two counts of wearing a disguise during the commission of a felony, and second degree conspiracy. (D.I. 13 at 2) On August 29, 2018, Petitioner pled guilty to second degree robbery (as a lesser-included offense), second degree conspiracy and one count of PFDCF. (*Id.*) In exchange, the State agreed to enter a *nolle prosequi* on the remaining charges and to refrain from seeking to have Petitioner sentenced as a habitual offender. (D.I. 8-3 at 22) The Superior Court immediately sentenced Petitioner to 12 years of Level V incarceration, suspended after seven years, for six months at Level IV, followed by one year of Level III probation. (D.I. 8-3 at 14-17) Petitioner did not appeal.

In July 2020, Petitioner filed a motion for correction of sentence. (D.I. 8-1 at 5, Entry Nos. 25, 26) The Superior Court summarily denied the motion on December 31, 2020. (D.I. 8-1 at 6, Entry No. 27) On January 15, 2021, Petitioner filed a "motion to correct clear legal error of law," asking the Superior Court to vacate its order dismissing

the earlier motion. (D.I. 8-1 at 6, Entry No.27) The Superior Court denied the motion on March 26, 2021 (D.I. 8-2 at 13-140, and the Delaware Supreme Court affirmed that decision on June 4, 2021. *See Brooks v. State*, 253 A.3d 1048 (Table), 2021 WL 2306566 (Del. June 4, 2021). Petitioner filed another motion for modification of sentence on March 23, 2022. (D.I. 8-1 at 7, Entry No. 33) The record does not indicate the status of that motion.

In July 2021, Petitioner filed the instant Petition, asserting the following three grounds for relief: (1) there was insufficient evidence to support his convictions for second degree robbery and conspiracy; (2) Petitioner's guilty plea was involuntary and unknowing because defense counsel provided "misadvice"; and (3) defense counsel provided ineffective assistance prior to the plea hearing. (D.I. 1 at 3)

## II.     ONE-YEAR STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been

>  newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling). A petitioner may also be excused from failing to comply with the limitations period by making a gateway showing of actual innocence. *See Wallace v. Mahanoy*, 2 F. 4th 133, 151 (3d Cir. 2021) (actual innocence exception).

Petitioner does not assert, and the Court does not discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Consequently, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner does not appeal a state court judgment, the judgment of conviction becomes final, and the statute of limitations begins to run upon expiration of the time period allowed for seeking direct review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Superior Court sentenced Petitioner on August 29, 2018. Since Petitioner did not appeal that judgment, his conviction became final on September 28, 2018, when the time to appeal expired. *See* Del. Supr. Ct. R. 6 (a)(iii) (establishing a thirty-day filing period for criminal appeals). Applying the one-year

limitations period to that date, Petitioner had until September 30, 2019,[1] to timely file a habeas petition. See *Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until July 27, 2021,[2] almost two full years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled, or Petitioner makes a gateway showing of actual innocence. See *Jones*, 195 F.3d at 158; see *Wallace*, 2 F.4th at 151 (explaining that actual innocence is an "exception to the statute of limitations" rather than an "extension to the statute of limitations via equitable tolling."). The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending

---

[1] The thirty-day appeal period expired during a weekend. Therefore, the appeal period extended through the end of the day on Monday, September 30, 2019. See Fed. R. Civ. P. 6(a)(1)(C).

[2] Pursuant to the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the date she delivers it to prison officials for mailing. See *Longenette v. Krusing*, 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date). The Petition is dated July 27, 2021, and Petitioner electronically filed the Petition on July 28, 2021. Since the Petition is untimely using either date, the Court will treat July 27, 2021 as the date of filing.

5

before the expiration of AEDPA's limitations period. *See Swartz v. Meyers*, 204 F.3d 417, 420-24 (3d Cir. 2000). A post-conviction motion is "'properly filed' for statutory tolling purposes when its delivery and acceptance is in compliance with the state's applicable laws and rules governing filings, such as the form of the document, any time limits upon its delivery, the location of the filing, and the requisite filing fee." *Crump v. Phelps*, 572 F. Supp. 2d 480, 483 (D. Del. 2008). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *See Swartz,* 204 F.3d at 424. The limitations period, however, is not tolled during the 90 days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001).

In this case, AEDPA's one-year statute limitations started to run on September 29, 2018, and ran without interruption until it expired on September 30, 2019.[3] Consequently, the motions for correction/modification of sentence that Petitioner filed on July 31, 2020 , January 15, 2021, and March 23, 2022 have no statutory tolling effect. Thus, the Petition is time-barred, unless equitable tolling applies or Petitioner establishes a gateway claim of actual innocence.

### B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his

---

[3]The last day of the limitations period fell on a weekend, so the filing period extended to the end of the day on Monday September 30, 2019. *See* Fed. R. Civ. P. 6(a)(1)(C).

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *Id.* at 651-52. Additionally, the obligation to act diligently "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the petitioner] is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). An extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d. Cir. 2013).

Petitioner does not assert, and the Court cannot discern, that any extraordinary circumstance prevented him from timely filing the instant Petition. Indeed, Petitioner does not offer any explanation as to why he waited until July 31, 2020, to pursue post-conviction relief in the Delaware state courts, or why he waited until July 27, 2021 to file the instant Petition. To the extent Petitioner's late filing in this Court was due to a lack of legal knowledge or miscalculation of AEDPA's one-year filing period, such circumstances do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). Given these circumstances,

the Court concludes that equitable tolling is not available to Petitioner on the facts he has presented.

### C. Actual Innocence

Finally, a credible claim of actual innocence may serve as an "equitable exception" that can overcome the bar of AEDPA's one-year limitations period. See McQuiggin v. Perkins, 569 U.S 383, 392 (2013); Wallace, 2 F. 4th at 150-151. Petitioner, however, does not assert any claim of actual innocence.

For all of these reasons, the Court concludes that the Petition is time-barred.

## III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. See 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court has concluded that the instant Petition is time-barred. Reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the instant Petition as time-barred without holding an evidentiary hearing or issuing a certificate of appealability. The Court will enter an order consistent with this Memorandum Opinion.